UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED
2012 JUN 13 P 3:46
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

JUAN ESPINOZA

VS.                                             C.A. NO.:

MORTGAGE ELECTRONIC
REGISTRATIONS SYSTEMS, ALIAS          CA12- 447
AND OCWEN LOAN SERVICING, LLC,
FEDERAL HOME LOAN MORTGAGE
CORPORATION, ALIAS, NOEMI
MORALES, ALIAS AND
JOHN DOE, ALIAS

COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO THEPROVISIONS OF
§9-30-1, et. seq. of THE GENERAL LAWS OF THE STATE
OF RHODE ISLAND

Plaintiff, Juan Espinoza, by his Attorney complains of Defendants as follows:

COUNT I
DECLARATORY JUDGMENT

1.     Plaintiff, Juan Espinoza is a resident of the State of Rhode Island with an address of 201Admiral Street, Providence, Rhode Island. Plaintiff owns said real estate located at 201 Admiral Street, Providence Rhode Island.

2.     Defendant, John Doe is any entity, which has an interest in the Plaintiff's mortgage and/ or promissory note.

3.     Defendant, Mortgage Electronic Registration Systems, Inc., ("MERS"), is a Delaware Corporation. It is not licensed to do business in the State of Rhode Island.

1

4.  Defendant, Federal Home Loan Mortgage Corporation ("Freddie Mac") claims to own Plaintiff's note and mortgage.

5.  Taylor, Bean & Whitaker Mortgage Corporation ("TBW") was the nominal originator of Plaintiff's loan. It was a subprime lender, which filed Bankruptcy on August 24, 2009 in the United States Bankruptcy Court for the Middle District of Florida in case number 09-07047.

6.  Ocwen Loan Servicing, LLC ("Ocwen") is a Delaware Limited Liability company, doing business in Rhode Island as a loan servicer. It claims to be the loan servicer for Plaintiff's loan and the owner of Plaintiff's loan. Defendant, Noemi Morales ("Morales") is an employee of Ocwen. She is a Florida resident.

7.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1332 (diversity jurisdiction) as the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendants are foreign residences entity and individuals outside of the State of Rhode Island.

8.  The subject matter of this complaint is proper to invoke the Equitable Jurisdiction of this Court.

9.  All of the parties named herein have sufficient minimum contacts with the State of Rhode Island to render them subject to its jurisdiction.

10. This Court has subject matter jurisdiction over the matters in this complaint pursuant to the following statutes:

    a.  The provisions of R.I.G.L. §8-2-14 and R.I.G.L. §8-2-13, grant this Court jurisdiction over questions of law and equity. The Plaintiff is asking this Court, inter alia, to restrain the certain defendants from taking adverse action on the subject property owned by the Plaintiff at 201 Admiral Street, Providence, Rhode Island.

    b.  The provisions of the Declaratory Judgment Act, R.I.G.L. 9-30-1 et seq., grant the Court jurisdiction to determine certain legal questions relating to the property rights of the Plaintiff and the Defendants under certain contracts, assignments, powers of attorneys, and deed. Plaintiff asks that the alleged assignment

of mortgage be declared invalid and void and that the Court decide that the mortgage and note are not held by any of the Defendants and that said Defendants lack standing to enforce the note or to foreclose on the mortgage.

11.  Exhibit A is a copy of the mortgage executed by Plaintiff to MERS as nominee for TBW on February 22, 2008.

12.  On about February 3, 2012, Defendants Freddie Mac, MERS and Ocwen and Morales prepared a fraudulent purported assignment of mortgage and note from MERS as nominee for TBW (See attached Exhibit B). This fraudulent document was prepared and executed in order to create the false illusion that Ocwen owned the mortgage and note. The basis for this allegation of the creation of a fraudulent assignment are the following facts:

   a.  MERS never held the note, which remains payable to TBW. This assignment purports to convey the mortgage only without the note, which cannot be done pursuant to Rhode Island law on behalf of TBW, which ws in bankruptcy. By the terms of the attached mortgage, MERS was merely the nominee, and agent for TBW. MERS cannot by the terms of the mortgage and by its own rules, regulations and by-laws act on its own behalf. Thus the assignment by MERS itself was not only a fraudulently created document, but was also void and a nullity.

   b.  Noemi Morales is not and has never been an employee or validly authorized Assistant Secretary of MERS. She is and has been an employee of Ocwen. She is not legally authorized to sign any document on behalf of MERS. Noemi Morales did not sign the alleged assignment of mortgage. Noemi Morales is a robosigner who works for Ocwen. Some other person signed her name without a power of attorney.

   c.  No corporate resolution has been made naming Noemi Morales as Assistant Secretary of Mortgage Electronic Registration Systems, Inc. Morales was not authorized pursuant to purported MERS regulations, alleged to be in

3

    effect at the time of the execution of the alleged assignment to be a MERS officer.

  d. The By-Laws of the Corporation Mortgage Electronic Registration Systems, Inc. have never authorized the secretary of MERS to appoint any certifying authorizing officer.

  e. Pursuant to its By-Laws, only the Board of Directors of MERS can appoint officers of MERS.

  f. The original mortgage on this property was held by MERS as Nominee for Ocwen, which held the note. Thus MERS, which never held the note, did not have the authority or ability to assign it with the mortgage.

  g. Exhibit B was designed to create the illusion of standing to allow Ocwen to claim nominal ownership of the loan even though the note remained in the name of TBW. Defendant needed to create a purported authorized party to sign the alleged assignment to allow Ocwen to seek to foreclose on the loan. Thus this fraudulent assignment, without basis or authorization, was created.

  h. Freddie Mac claims to own the Plaintiff's note and mortgage. It knew that Ocwen is only a Loan Servicer and owned neither the note nor the mortgage.

  i. As a result of this void and unauthorized documents purporting to be an assignment, the Defendants lacked any standing, are not the real party in interest and were not proper parties to foreclose or enforce the original mortgage or note.

  j. Freddie Mac securitized Plaintiff's loan into a securitized trust. It deliberately seeks to foreclose in its loan servicer's name.

13. Plaintiff never received any default letter from the holder of the note and the mortgage and any alleged foreclosure proceedings were invalid

because no notice was sent to the Plaintiff pursuant to law and to the terms of the mortgage. Rhode Island law and the terms of the mortgage mandate that prior to commencing a foreclosure by a default letter and power of sale, a party actually holds the note and the mortgage by way of transfer and/or assignment.

14.   The Defendants lack standing to foreclose, to assign the mortgage, to transfer the note or otherwise enforce the note or the mortgage. MERS as nominee for TBW lacked authority to assign the mortgage under the terms of the mortgage. Any authority to assign required the direct authority of its principal, TBW. As a nominee it lacked the ability to assign this mortgage without said authority. Such authority was not given to MERS by TBW or any other entity.

15.   The Defendants do not possess or owner the note and the mortgage and the mortgage and note were never transferred to the trust pursuant to law.

16.   The Defendants do not own the note or the mortgage nor have valid transfers and assignments of each occurred. The note remains payable to TBW.

17.   As a result, the Defendants lack standing to enforce the note or the mortgage.

## COUNT II

## INJUNCTIVE RELIEF

18.   Paragraphs 1-17 are incorporated by reference.

19.   On June 14, 2012 Ocwen and Freddie Mac seek to conduct an illegal foreclosure sale. Neither a valid acceleration notice nor a valid default letter had been sent to the Plaintiff after February 3, 2012, contrary to the terms of the Mortgage and contrary to Rhode Island law.

20.   The Plaintiff requires a Mandatory Injunction and Preliminary Injunction against all defendants to cease any attempts to commence or continue an illegal foreclosure action of Ocwen and Freddie Mac.

21. MERS, Freddie Mac and Ocwen have no interest in the property, the mortgage or note and, thus have no standing to foreclose upon the mortgage of the Plaintiff or to enforce the note or to assign the mortgage or transfer the note.

22. Freddie Mac does not own Plaintiff's mortgage. Freddie Mac only guarantees securitized loans and only acts as the trustee for a Master Trust agreement encompassing Freddie Mac securitize trusts. Any interest of Freddie Mac was limited to its guarantee of loans which it securitized. Thus if Freddie Mac had an interest in this loan it was as a guarantor of payments to bondholder of an unnamed securitized trust, which would be the note holder but is not the mortgage holder. Thus no foreclosure action was effective due to the loan servicer purporting to foreclose on its own behalf.

23. Plaintiff is being irreparably harmed by the illegal collection actions of all the Defendants.

24. The Plaintiff has no other remedy at law but to seek the relief requested herein. Equity favors the Plaintiff as he has no adequate remedy at law.

## COUNT III

### FACTS AND COMPLAINT TO QUIET TITLE AND FOR DAMAGES

25. Paragraphs 1-24 are incorporated by reference.

26. On February 22, 2008, the Plaintiff executed a promissory note in favor of TBW in the amount of $160,000.00.

27. On even date, Plaintiff executed a defective mortgage naming TBW as the Lender, with MERS as a Nominee/Mortgagee, which also contained language relative to the statutory Power of Sale. A copy is attached as Exhibit A.

28. On the face of the Note, TBW is clearly designated as the Lender.

29. The Mortgage defines the Lender as TBW.

30. On February 3, 2012, an alleged assignment, which was legally ineffective and void was allegedly made from a person known as Noemi Morales, purportedly on behalf of MERS, not as Mortgagee but as Nominee for TBW. On information and belief, Noemi Morales is not and has never been an employee or officer of TBW and is not and never has been an employee or officer of MERS. This purported assignment does not indicate whether the signer is signing under corporate resolution and has authority to execute said assignment of mortgage nor does it affix a corporate seal. The purported assignment of mortgage has the initials affixed to it of a person without any authority to sign on behalf of either TBW or MERS and thus was not duly executed pursuant to the provisions of RIGL 34-11-24.

31. The Mortgage contains language that provides for the Statutory Power of Sale by the Lender in the event of a default on the note by Plaintiff.

32. The mortgage does not state anywhere that the mortgagee or its assigns may invoke the Statutory Power of Sale.

33. RIGL 34-11-21 identifies the Mortgagee and the Lender as the same party.

34. The Lender never invoked the statutory of sale in this matter.

35. The Lender never mailed a notice of sale to the Borrower.

36. The Lender never published the notice of sale.

37. The Foreclosure Sale which is scheduled for June 14, 2012, was neither noticed by the holder and owner of the mortgage nor by the party entitled to enforce the Note. Nor was a valid notice sent to the Plaintiff.

38. The Notice of sale is defective.

39. Neither MERS nor Freddie Mac nor Ocwen are the lender in regard to this matter and, pursuant to RIGL 34-11-22 have no statutory authority to foreclose.

40. Ocwen and Freddie Mac, which are not the Lender, wrongly published the notice of sale without contractual or statutory authority.

41. The actions taken by Ocwen and Freddie Mac are without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property because it is not now, nor has it ever been, the Lender as defined by both the note and the mortgage. Morales allowed her name to be affixed to the purported assignment by a third party. She was aware of this procedure by Ocwen allowing surrogate signers to place her initials on a document purporting to be an assignment. Ocwen and Morales were aware that Morales was not a MERS officer and was not authorized to sign as a MERS officer.

41. The foreclosure scheduled has not been noticed or scheduled or advertised as required by the Note and Mortgage and Statute.

42. To foreclose pursuant to §34-11-22, the language of the Statute and the Note and Mortgage must be followed to the letter of the law.

43. The pending foreclosure is not in compliance with statutory mandates and is not in compliance with the plain language in the Note and Mortgage.

44. MERS had no standing to assign the mortgage to Ocwen.

45. Freddie Mac and Ocwen lack standing to foreclose.

46. The Lender in this case was the only party, pursuant to the plain language of the mortgage, which was prepared by and used by the Defendant or Defendants, and in the event of any inconsistencies in said document, said inconsistencies and the results thereof are the fault of the Defendant or Defendants and the negative results thereof shall be construed against the Defendant or Defendants.

47. The facts and documents relative to this matter establish that any foreclosure relative to this property must be done judicially and not by way of advertisement and auction due to failure to exactly follow the letter of the law.

48. This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such fall within the jurisdiction of this Court.

49. This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

WHEREFORE, Plaintiff prays that this Court:

A.   Issue a Declaratory Judgment determining that the note and mortgage is not vested in Freddie Mac or Ocwen or MERS.

B.   Issue a Declaratory Judgment that any assignment from MERS is invalid and void as a matter of law.

C.   Issue a Declaratory Judgment that neither MERS, nor Ocwen nor Freddie Mac own or hold a secured claim in regard to the property owned by the Plaintiff, located at 201 Admiral Street, Providence, Rhode Island.

D.   Issue a Declaratory Judgment that neither MERS nor Ocwen nor Freddie Mac own or hold the promissory note or mortgage executed by Plaintiff to TBW.

E.   Issue a Declaratory Judgment that any foreclosure proceedings previously conducted against the Plaintiff have been invalid and that any costs and legal fees allegedly incurred by Defendants shall not be charged against the Plaintiff.

F.   Preliminarily and permanently restrain and enjoin all of the Defendants from commencing any further foreclosure actions, eviction action or collection action against the Plaintiff.

G.   Issue a Preliminary and Permanent Injunction against all of the Defendants from commencing any further or collection action against the Plaintiff including but not limited to the Eviction Action.

H.   Issue an Order to Quiet the Title of the Plaintiff and order that the mortgage executed to MERS as nominee for TBW does not contain a valid power of sale and order that the alleged foreclosure deed is void.

I.   Preliminarily and Permanently Restrain and Enjoin MERS, Freddie Mac and Ocwen from executing any further assignments of the original mortgage.

J.   Issue a Declaratory Judgment that the assignment of the mortgage referenced in this Complaint was not made by a corporate officer with requisite corporate authority pursuant to law.

K.   That Plaintiff be awarded Compensatory and punitive damages, attorney fees and costs against all defendants jointly and severally for wrongful foreclosure and for creating fraudulent documents, for authorizing a surrogate signer to affix the initials of Noemi Morales for recording a fraudulent assignment with the Providence Recorder of Deeds, and for seeking to collect on a mortgage and note this did not own.

L.   Award such other relief as this Court deems just and proper.

JUAN ESPINOZA
By his Attorney

June 13, 2012

_____
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230